IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL NORRIS LUTMAN,<br>　　Plaintiff,<br><br>　　　　　v.<br><br>ROBERT CONLEY, *et al.*,<br>　　Defendants. | Civil Action No.<br>1:24-cv-02914-SDG |

**OPINION AND ORDER**

This case is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Linda T. Walker [ECF 26], which recommends that Defendants' motions to dismiss [ECFs 11, 14] be granted in part and denied in part, and that *pro se* Plaintiff Michael Norris Lutman's complaint be dismissed because (1) Lutman failed to state a viable claim under federal law, and (2) the Court should decline to exercise supplemental jurisdiction over Lutman's remaining state law claims. Lutman subsequently filed a document titled "Judicial Notice of Plaintiffs Testimony in the Form of an Affidavit and Demand for Immediate Dismissal in Response to Magistrate Judge's Final Report and Recommendation," which the Clerk docketed as objections to the R&R [ECF 29]. After careful consideration, Lutman's objections are **OVERRULED,** and the R&R is **ADOPTED** in its entirety. Further, Lutman's motion seeking a permanent injunction and other relief [ECF 34] is **DENIED as moot**.

1

I.      **Applicable Legal Standards**

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and the Court need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. It may consider an argument that was never presented to the magistrate judge, or it may decline to consider such an argument. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

**II.     Discussion**

Lutman's objections are not responsive to the conclusions of the R&R, and therefore the Court need not address them in any detail. In large part, Lutman simply reiterates the allegations of the complaint. Most importantly, his objections do nothing to call into question the dispositive conclusions in the R&R: (1) that there is no cognizable right of action for "lack of jurisdiction"; (2) Article I § 10 of the U.S. Constitution is not relevant in any way to the allegations of the complaint, and Lutman has not alleged state action as required to state a viable constitutional claim; (3) Lutman's claim for peonage pursuant to 42 U.S.C. § 1994 fails to state a plausible claim for relief, nor does he allege the requisite state action; and (4) Lutman's remaining claims are brought pursuant to state law, and the Court should decline to exercise supplemental jurisdiction over them.[1] Indeed, at various places in Lutman's objections he appears to request dismissal of this case.[2]

As Lutman has not specifically objected to any portion of the R&R, undersigned reviewed the R&R for plain error pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72 and found none. Accordingly, Lutman's objections to the

---

[1]     *See generally* ECF 26.

[2]     *See* ECF 29, at 1 ("demand for immediate dismissal"), 7 ("I strongly demand for a complete dismissal"). These statements could also be fairly read to request dismissal of an apparent foreclosure action in the Magistrate Court of Cherokee County, Georgia, which this Court has no power to order.

R&R [ECF 29] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 26] as the Order of this Court. Defendants' motions to dismiss [ECFs 11, 14] are **GRANTED IN PART and DENIED IN PART**.

Specifically, Lutman's claims for "lack of jurisdiction," violation of Article I § 10 of the U.S. Constitution, and peonage pursuant to 42 U.S.C. § 1994 are **DISMISSED WITH PREJUDICE**. The Court **DECLINES** to exercise supplemental jurisdiction over Lutman's remaining state law claims, and those claims are **DISMISSED WITHOUT PREJUDICE**. Finally, Lutman's motion for a permanent injunction and other relief [ECF 34] is **DENIED as moot**.

The Clerk of Court is **DIRECTED** to enter judgment in favor Defendants consistent with this Order and close the case.

**SO ORDERED** this 17th day of March, 2025.

*[signature]*

Steven D. Grimberg
United States District Judge